FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAYKAZ KHANJYAN, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 12-72534 Agency No. A089-299-626 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014**

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Haykaz Khanjyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies regarding when party members called Khanjyan, and when Khanjyan fled to his Aunt's house.  *See id.* at 1048 (adverse credibility determination reasonable under the totality of circumstances).  Khanjyan's challenge to the agency's adverse credibility finding lacks merit.  *See Shrestha*, 590 F.3d at 1043-44 (under the REAL ID Act, "[i]nconsistencies no longer need to go to the heart of the petitioner's claim").  In the absence of credible testimony, Khanjyan's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Khanjyan's CAT claim also fails because it is based on the same statements found not credible, and he points to no other evidence in the record to compel the finding that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Armenia.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

12-72534